(No. 4738 )

MURPHY REYNOLDS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 2, 1959.*

LANSDEN AND LANSDEN, Attorneys for Claimant.

GRENVILLE BEARDSLEY, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Murphy Reynolds has filed a claim in this Court seeking an award for injuries alleged to have been caused by reason of the failure of the State to provide adequate medical care.

On August 23, 1954, claimant was confined to the Iroquois County jail in Watseka, Illinois, and was sprayed with an unknown chemical in the area of his thighs and genitals, which caused severe burns.

On August 26, 1954, he was received at the Illinois State Farm at Vandalia, Illinois to serve a ninety day term for vagrancy. Upon admission there, a prisoner is screened by a registered male nurse, and, if any condition is found that requires attention, the prisoner is referred to the prison physician. The record discloses that the farm has a modern forty bed hospital, and the prison doctor answers sick calls three times a week.

Joint exhibits Nos. 1-A and 1-B cover the physical examination made upon admission, and include dates of vaccination, typhoid inoculations and chest x-ray.

The gist of the complaint is to the effect that claimant reported his condition to the guards in charge, who he contends refused to let him answer sick call, and threatened to confine him to solitary, if he persisted in his complaints. He states that he did not see the doctor in charge until October 27th, a delay of about sixty days, and that the doctor then treated him for infection in his right leg.

Assuming for the moment that the charge is true, an examination of his hospital records discloses that he had several opportunities out of the presence of the guards to tell the nurse or attendants of his condition. On August 27th he was vaccinated, and given his first typhoid inoculation. On August 28th he was given a chest x-ray. On August 30th he was given his second typhoid inoculation, and on September 1st he was given his third typhoid inoculation.

On August 27th, when he was undressed and examined by the male nurse, the nurse questioned him

about the burns on his legs. On direct examination (page 18) the question was asked:

"Q. Did you tell him when you got those burns?
A. Not at that particular time, I didn't."

and, on cross-examination (page 28):

"Q. Were your legs hurting you when you got to Vandalia?
A. Yes.
Q. Did you say anything about them hurting?
A. No.
Q. What did your legs look like?
A. They had little blisters on them.
Q. Would you say a lot of blisters?
A. Yes, sir, all over."

At this time claimant had every opportunity to tell the nurse of his condition so that treatment could have been made, but for unexplained reasons he saw fit to say nothing.

On the basis of this record and with the opportunities present to tell of his condition, claimant was grossly negligent in not coming forward for early treatment, and the fact that he was not treated until October 27th is no one's fault but his own.

Counsel for claimant cites the case of *Witte* vs. *State of Illinois,* 21 C.C.R. 173, as authority for an award. In this case, a prisoner was injured, and *immediately* taken to the hospital. The doctor in charge made a faulty diagnosis, and failed to furnish proper medical treatment.

In the instant case, claimant did not seek aid for sixty days, and, though he was in the presence of nurses or attendants on four occasions, at no time did he complain to them of his condition.

The Court, therefore, finds that claimant was negligent, and is not entitled to an award.

An award is, therefore, denied.